UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AMELIA E. COLEMAN,
         Plaintiff,

v.

NANCY A. BERRYHILL,
         Defendant.
_____

**DECISION & ORDER**
16-cv-6756-JWF

## Background

Plaintiff Amelia E. Coleman ("plaintiff" or "Coleman") brought this action to review the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for Social Security Disability and Supplemental Security benefits. Plaintiff alleged disability due to a learning disability, depression, post-traumatic stress disorder, anxiety, panic attacks, insomnia and memory loss issues. Administrative Record, Docket # 8 ("AR") at 184. Presently before the Court are competing motions for judgment on the pleadings. Docket ## 10, 12. I heard oral argument on June 22, 2018, and reserved decision. See Docket # 20.

Plaintiff's primary contention is that Administrative Law Judge David J. Begley ("the ALJ") erred in discounting her treating physician's opinion while affording great weight to the opinion of (1) a non-treating, non-examining "psychological consultant" and (2) a single examination conducted by a non-treating consultative

examiner. For the reasons that follow, this matter is remanded to the Commissioner for the calculation of benefits.

## Discussion

This case presents another troubling disability determination involving an applicant who unquestionably suffers from severe mental illness. In determining that plaintiff was not disabled and was able to engage in competitive full-time employment, the ALJ decided to give "little weight" to the clinical findings and psychological opinions of plaintiff's treating mental health therapist and, instead give "great weight" to the opinions of someone who never saw or assessed the plaintiff (a state agency "psychological consultant") and a psychologist who saw the plaintiff on a single occasion. AR at 28-29.

The medical record before the Court states that plaintiff was sexually and physically abused by her adoptive mother, sexually abused by her adoptive sister and sexually molested by her adoptive brother. The ALJ found plaintiff to have the following severe impairments: depressive disorder, post-traumatic stress disorder and a history of polysubstance abuse. AR at 23. Mental health treatment records confirm that since the birth of a child in 2012, plaintiff suffers from symptoms of chronic post-traumatic stress disorder ("PTSD") including flashbacks of her own abuse experiences, post-partum depression, insomnia, nightmares, increased anxiety, intrusive thoughts and memories, confusion,

2

difficulty concentrating, detachment from others and decreased interest in outside activities. In May 2014 plaintiff's treating mental health therapist, Barbara Gawinski, Ph.D., completed a detailed Mental Medical Source Statement assessing plaintiff's employment related impairments. The detailed six-page assessment form (AR 322-28) required Dr. Gawinski not only to provide narrative findings, opinions and clinical observations but also to choose from various levels of employment-related psychological limitations. Suffice it to say that Dr. Gawinski's clinical observations, findings, and medical opinions supported plaintiff's claims of being disabled from competitive full-time employment.[1]

There were two other mental health opinions in the record. One was from Christine Ransom, Ph.D., who met with plaintiff on a single occasion in May 2013. See AR at 276-78. In many respects, Dr. Ransom's findings were consistent with Dr. Gawinski. Dr. Ransom found plaintiff to be suffering from major depressive disorder and panic disorder and opined that her attention,

---

[1] Dr. Gawinski opined that plaintiff would have decreased energy, feelings of guilt or worthlessness, mood disturbance, difficulty thinking or concentrating, recurrent recollections of traumatic experiences, pathological dependence, persistent disturbances of mood, recurrent obsessions, emotional isolation, persistent irrational fear of mother, deeply maladaptive patterns of behavior including talking to self, long-term memory impairment, sleep disturbance and recurrent panic attacks manifested by flashbacks. AR at 323. Dr. Gawinski also opined that plaintiff would be unable to meet competitive standards in ability to remember work-like procedures, understand short and simple instructions, carry out simple instructions, maintain attention for two hour segments and work in coordination or proximity to others, all attributes needed to do unskilled work. AR at 342. Dr. Gawinski determined that plaintiff would have "no useful ability to function" in the following areas: maintain regular attendance and punctuality, complete normal workday and perform at a consistent pace without rest. AR at 324.

3

concentration and memory functions were "impaired by depression." AR at 277. Despite these limitations, Dr. Ransom opined that plaintiff could "perform simple tasks," maintain a "simple regular schedule," and learn "simple new tasks." AR at 277. The ALJ gave Dr. Ransom's findings "great weight." AR at 28. The other report considered by the ALJ was given by a "psychological consultant" who never met or spoke to plaintiff. Nevertheless, the ALJ gave "great weight" to the findings of the consultant that plaintiff could execute simple instructions and maintain attention and concentration for a minimum of two-hour intervals. AR at 29.

What is particularly troubling to this Court is that the weight the ALJ accorded to the opinions of non-treating and non-examining professionals is directly contrary to the law of this Circuit and the regulations of the Commissioner. "In the context of a psychiatric disability diagnosis, it is improper to rely on the opinion of a non-treating, non-examining doctor because the inherent subjectivity of a psychiatric diagnosis requires the physician rendering the diagnosis to personally observe the patient." Velazquez v. Barnhart, 518 F. Supp. 2d 520, 524 (W.D.N.Y. 2007) (remand required where ALJ credited a psychiatric opinion "based on a review of a cold, medical record"); see Vargas v. Sullivan, 898 F.2d 293, 295 (2d Cir. 1990) ("The general rule is that the written reports of medical advisors who have not personally examined the claimant deserve little weight in the

overall evaluation of disability.") (quoting another source); Rodriguez v. Astrue, No. 07CIV.534 WHPMHD, 2009 WL 637154, at *25 (S.D.N.Y. Mar. 9, 2009) ("[A] doctor who has direct contact with a claimant—even as an examining doctor—is likely to have a better grasp of her condition than someone who has never seen the claimant."); Filocomo v. Chater, 944 F. Supp. 165, 170 n.4 (E.D.N.Y. 1996) ("[T]he conclusions of a physician who merely reviews a medical file and performs no examination are entitled to little, if any, weight."). The ALJ's decision to give any weight, let alone great weight, to the "psychological consultant" was clear error.

Similarly, giving "great weight" to a non-treating source such as Dr. Ransom was also error under the facts presented here. Under the regulations, a "nontreating source" is defined as a medical source whose relationship with the plaintiff "is not based on [the plaintiff's] medical need for treatment or evaluation, but solely on [the plaintiff's] need to obtain a report in support of [the plaintiff's] claim for disability." 20 C.F.R. § 416.927(a)(2). In general, "ALJs should not rely heavily on the findings of consultative physicians after a single examination." Selian v. Astrue, 708 F.3d 409, 419 (2d Cir. 2013). This is because "consultative exams are often brief, are generally performed without the benefit or review of claimant's medical history and, at best, only give a glimpse of the claimant on a single day."

Cruz v. Sullivan, 912 F.2d 8, 13 (2d Cir. 1990) (quoting Torres v. Bowen, 700 F. Supp. 1306, 1312 (S.D.N.Y. 1988)) (internal quotation marks omitted); Corona v. Berryhill, No. 15-CV-7117 (MKB), 2017 WL 1133341, at *14 (E.D.N.Y. Mar. 24, 2017) (describing a nontreating source as an acceptable medical professional who does not have an ongoing treatment relationship with plaintiff); see also Giddings v. Astrue, 333 F. App'x 649, 652 (2d Cir. 2009) ("We also acknowledge that generally, 'in evaluating a claimant's disability, a consulting physician's opinions or report should be given little weight.'") (quoting Cruz, 912 F.2d at 13).

The ALJ's determination to favor the opinions of the non-treating source and the non-examining "psychological consultant" over the detailed findings and opinions of the treating source is particularly problematic. The treating physician rule, set forth in the Commissioner's own regulations, "mandates that the medical opinion of a claimant's treating physician is given controlling weight if it is well supported by medical findings and not inconsistent with other substantial record evidence." Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000); see 20 C.F.R. § 416.927(d)(2) ("Generally, we give more weight to opinions from your treating sources . . . ."). Where, as here, an ALJ gives a treating physician opinion something less than "controlling weight," he must provide good reasons for doing so.

Our circuit has consistently instructed that the failure to provide good reasons for not crediting the opinion of a plaintiff's treating physician is a ground for remand. See Schaal v. Apfel, 134 F.3d 496, 503-05 (2d Cir. 1998) (remanding where court found ALJ failed to provide good reasons); see also Halloran v. Barnhart, 362 F.3d 28, 33 (2d Cir. 2004) (per curiam) ("We do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician['s] opinion and we will continue remanding when we encounter opinions from ALJ's [sic] that do not comprehensively set forth reasons for the weight assigned to a treating physician's opinion."); Green-Younger v. Barnhart, 335 F.3d 99, 106 (2d Cir. 2003) ("The SSA recognizes a 'treating physician' rule of deference to the views of the physician who has engaged in the primary treatment of the claimant.").

Our circuit has also been blunt on what an ALJ must do when deciding not to give controlling weight to a treating physician's opinion:

> To override the opinion of the treating physician, we have held that the ALJ must <u>explicitly</u> consider, *inter alia*: (1) the frequency, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and, (4) whether the physician is a specialist. After considering the above factors, the ALJ <u>must comprehensively set forth his reasons</u> for the weight assigned to a treating physician's opinion. The failure to provide good reasons for not crediting the opinion of a claimant's

7

treating physician is a ground for remand. The ALJ is
not permitted to substitute his own expertise or view of
the medical proof for the treating physician's opinion
or for any competent medical opinion.

Greek v. Colvin, 802 F.3d 370, 375 (2d Cir. 2015) (emphasis added) (internal citations, quotations and alterations omitted). If an ALJ does not assign controlling weight to a treating opinion, he must apply the factors listed in 20 C.F.R. §§ 404.1527(c)(2)-(6) and 416.927(c)(2)-(6) to determine how much weight to assign.

Here, the ALJ failed to provide the requisite "good reasons" for assigning "little weight" to Dr. Gawinski's Mental Medical Source Statement. The ALJ set forth two reasons for this determination. First, he asserted that neither Dr. Gawinski's treatment notes nor the claimant's reported activities supported the doctor's conclusions. AR at 29. The ALJ's rationale that Dr. Gawinski's opinion was inconsistent with the treatment notes is difficult to evaluate because he did not cite to <u>any</u> specific records that were inconsistent. "[T]he ALJ's conclusory assertion that [the treating physician's] opinion is inconsistent with her treatment notes . . . without more, does not constitute a good reason to discount that opinion." Trankle v. Berryhill, No. 16-cv-846-FPG, 2017 WL 5988046, at *4 (W.D.N.Y. Dec. 4, 2017); see Doria v. Colvin, No. 13-CV-598S, 2014 WL 3109184, at *3 (W.D.N.Y. July 8, 2014) ("While the ALJ is free is assign little or even no weight to a treating source under certain conditions, the ALJ's

8

failure to elaborate these findings is troubling. The ALJ does not explain what 'medical evidence' the ALJ's opinion is inconsistent with."); Nix v. Astrue, No. 07-cv-344, 2009 WL 3429616, at *9 (W.D.N.Y. Oct. 22, 2009) ("In terms of the ALJ's finding of inconsistencies with 'objective medical evidence,' the ALJ commits legal error by failing to articulate the 'objective medical evidence' with which these findings are inconsistent."). By asserting that Dr. Gawinski's opinion was inconsistent with her own records without citing any such inconsistencies, the ALJ improperly substituted his personal conclusions about Dr. Gawinski's treatment notes for her own conclusions. Greek, 802 F.3d at 375 (an ALJ "is not permitted to substitute his own expertise or view of the medical proof for the treating physician's opinion or for any competent medical opinion").

The second reason the ALJ gave for discounting Dr. Gawinski's opinions was that Dr. Gawinski's conclusions were based on the "plaintiff's own reports." AR at 29. To the extent that Dr. Gawinski based her medical opinion on plaintiff's subjective complaints, the incorporation of those complaints does not render her opinion suspect.

> [M]ental health professionals frequently rely on the combination of their observations and the patient's reports of symptoms, so to allow an ALJ to discredit a mental health professional's opinion solely because it is based to a significant degree on a patient's "subjective allegations" is to allow an end-run around

9

our rules for evaluating medical opinions for the entire category of psychological disorders.

Deen v. Colvin, 214 F. Supp. 3d 1000, 1006 (W.D. Wash. 2016) (internal quotation and citation omitted); see Aurand v. Colvin, 654 F. App'x 831, 837 (7th Cir. 2016) ("[I]t's illogical to dismiss the professional opinion of an examining psychiatrist or psychologist simply because that opinion draws from the claimant's reported symptoms."). The Commissioner's own regulations state that a claimant's description of his or her own symptoms is proper evidence. See 20 C.F.R. §§ 404.1502(i), 404.1529. Thus, the ALJ erred in discrediting Dr. Gawinski's opinions based on her reliance on plaintiff's self-reporting.

Finally, the ALJ did not explicitly set forth any of the other factors listed in 20 C.F.R. §§ 404.1527(c) and 416.927(c) in his evaluation of Dr. Gawinski's medical opinion. He did not consider the frequency, length, nature, or extent of treatment; the relevant medical evidence Dr. Gawinski gave in support of her opinion; or whether Dr. Gawinski was a specialist. 20 C.F.R. §§ 404.1527(c), 416.927(c). At oral argument, the Commissioner argued that because Dr. Gawinski had treated plaintiff "only" four times before completing the evaluation form, her opinion only deserved little weight. This argument was not particularly persuasive. If the professional opinions of a treating therapist who meets with her patient four times is entitled to only "little weight," then how

10

much weight should be given to the opinions of a consultative evaluator who observed plaintiff on a single occasion or the opinion of a "consultant" who never even meets the plaintiff? The Commissioner cannot use frequency of treatment as a sword and a shield. It bears repeating that treating physician rule commands that the ALJ give deference to the claimant's treating doctor unless there are compelling reasons to discredit it. This is the default rule, not the exception. The Commissioner may not search for reasons to discredit the treating physician's opinion in favor of a consultative evaluator's opinion just because the consultative evaluator's opinion was more restrictive.

## Conclusion

The ALJ's decision to assign "little weight" to Dr. Gawinski's medical opinion was clear error. During oral argument, government counsel conceded that while the evidence supporting the ALJ's decision was "not overwhelming," it still met the substantial evidence threshold. I disagree. Indeed, had the ALJ properly credited the opinion of Dr. Gawinski with controlling weight, there is substantial evidence in the record that plaintiff is disabled from competitive full-time employment due to her non-exertional limitations. When "the record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose" it is appropriate to reverse the determination of the ALJ and remand to the Commissioner for the calculation and

payment of benefits. <u>Parker v. Harris</u>, 626 F.2d 225, 235 (2d Cir. 1980); see <u>Rosa v. Callahan</u>, 168 F.3d 72, 83 (2d Cir. 1999) (remand for calculation of benefits where there is "no apparent basis to conclude that a more complete record might support the Commissioner's decision"). For the reasons set forth herein, it is hereby ORDERED that plaintiff's motion for judgment on the pleadings (Docket # 10) is **granted** and the Commissioner's motion for judgment on the pleadings (Docket # 12) is **denied**. This case is remanded for calculation and immediate payment of benefits.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: August 30, 2018
Rochester, New York